UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILLIAMS,

      Petitioner,                      Case No. 2:24-cv-12943

v.                                        Honorable Susan K. DeClercq
                                          United States District Judge

PEOPLE OF THE STATE OF
MICHIGAN,

      Respondent.
_____/

**ORDER (1) DIRECTING THE CLERK OF THE COURT TO FILE THE PLEADINGS IN THIS CASE UNDER CASE DOCKET # 2:24-CV-12244, AND (2) DISMISSING THIS CASE AS DUPLICATIVE**

Anthony Williams, ("Petitioner"), incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, previously filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions for assault with intent to commit great bodily harm less than murder, felonious assault, and various weapons charges. The case was assigned to Judge Laurie J. Michelson of this district, who granted Petitioner's motion to hold the petition in abeyance so that he could return to the state courts to exhaust additional claims. *Williams v. Artis*, No. 24-12244, 2024 WL 4446492 (E.D. Mich. Oct. 8, 2024). Judge Michelson conditioned the stay on Petitioner filing a post-conviction motion for relief from judgment in state court within 60 days of entry of the order. *Id.* at *2. Petitioner was

also ordered to "file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself." *Id.*

Petitioner has now filed a copy of the motion for relief from judgment that he submitted to the Oakland County Circuit Court, a brief in support of the motion, and other documents in support of the motion. ECF No. 1. The Clerk of the Court treated the motion as a petition for a writ of habeas corpus and opened a new case. However, it appears that Petitioner filed this motion and supporting documentation to show that he complied with Judge Michelson's Court's directive to file his post-conviction motion with the state courts and to notify this Court that his post-conviction motion had been filed. *See* ECF No. 1. Accordingly, this Court will order that the pleadings filed in this case be filed by the Clerk of the Court under Case Docket # 2:24-CV-12244.

This Court will dismiss this case as duplicative of the previously filed habeas application. A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Petitioner's current case is subject to dismissal as being duplicative of his first habeas petition, because both cases seek the same relief. *Id.*; *see also Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (unpublished table decision), No. 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as

being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Nye v. Booker*, No. 07-CV-12890, 2007 WL 2318750, *1 (E.D. Mich. Aug. 9, 2007) (same).

Accordingly, it is **ORDERED** that the Clerk of Court shall file in Case Docket No. 2:24-CV-12244, the pleadings in this case, including a copy of this order.

Further, it is **ORDERED** that this case is **DISMISSED** as duplicative of Case No. 2:24-CV-12244.

**This final order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  11/18/2024